NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE W. ANDREWS; JULIUS BASSIE; SOLOMON FORKAY; ROGER MONTOYA; RENE SANTOS; JORGE SANTOS; EDGAR V. CRUZ; MANUEL DE LA CAMARA; JOSE PICADO; and EDENS ANDRE, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOME DEPOT U.S.A., INC.; JOHN DOES 1-10; and ABC CORPORATIONS 1-10, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 03-CV-5200 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Defendant Home Depot U.S.A., Inc. ("Home Depot") to strike the class action allegations from the Amended Complaint against them filed by Plaintiffs George W. Andrews, Julius Bassie, Solomon Forkay, Roger Montoya, Rene Santos, Jorge Santos, Edgar V. Cruz, Manuel de la Camara, Jose Picado, and Edens Andre (collectively, "Plaintiffs"). No oral argument was heard on the motion pursuant to Federal Rule of Civil Procedure 78. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Home Depot's motion to strike is **denied**.

## I. <u>BACKGROUND</u>

The Court accepts the factual allegations in the Amended Complaint as true for purposes of this motion. Plaintiffs are individuals employed as laborers by Home Depot in several distribution centers in the State of New Jersey. The term laborers is not defined in the Amended Complaint. Plaintiffs assert claims of discrimination on the basis of national origin in violation of N.J.S.A. 10:5-12(a) and 42 U.S.C. §1981. (Am. Compl. at ¶1.) They seek to represent a class consisting of "foreign-born laborers and foreign-born non-supervisory workers who are, have been or will be employed at any time within the State of New Jersey in distribution centers operated by Home Depot." (Id. at ¶2.)

### A. Allegations of Plaintiffs

Plaintiffs all were born outside the United States, but now reside in New Jersey and have worked at one or more of Home Depot's distribution centers in New Jersey for periods of time ranging from two to twelve years. Plaintiffs aver that Home Depot has paid them less than similarly-situated individuals who are American born, that Home Depot has subjected them to hostile work environments, that Home Depot has not made promotion opportunities available to them, and that Home Depot has not provided the same training to them as to similarly-situated American born workers.

### B. Class Action Allegations

Plaintiffs allege the proposed class is properly maintainable under Federal Rule of Civil Procedure 23(a) because the members of the class are sufficiently numerous to make joinder impracticable, Plaintiffs' claims raise questions of law or fact common to the class, Plaintiffs' claims are typical to those advanced by the class, and Plaintiffs and their counsel will properly represent the interests of the class and its members. The Complaint sets forth eight questions of

law or fact common to Plaintiffs' claims and those of the putative class members, including 1) whether Home Depot has a policy or practice of paying members of the class less than American born individuals engaged in the same work; 2) whether Home Depot has a policy or practice of not making available to members of the class promotion opportunities and by not promoting members of the class in favor of American born individuals; 3) whether Home Depot has a policy or practice of subjecting the members of the class to work conditions and work quotas more rigorous than the work conditions and work quotas given to American born workers; 4) whether Home Depot has a policy or practice of providing training to American born workers and not providing the same training to members of the class; 5) whether Home Depot's actions and policies were unlawful discrimination pursuant to N.J.S.A. 10:5-12(a) and, if so, whether class members are entitled to injunctive relief to prevent the future commission of these unlawful acts; 6) whether Home Depot's actions have proximately caused injury to members of the class and, if so, the proper measure of damages; 7) whether Home Depot's actions and policies denied class members the equality of contractual opportunities secured by 42 U.S.C. §1981; and 8) whether members of the class are entitled to an award of punitive damages. (Am. Compl. at ¶24.)

Plaintiffs allege the class is properly maintainable under Federal Rule of Civil Procedure 23(b)(1)(A) because "the prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendant in this action." (Am. Compl. at ¶29.) Plaintiffs also allege the class is properly maintainable under Federal Rule of Civil Procedure 23(b)(3) because "the class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable" and "the questions of law and/or fact

common to the members of the class predominate over any questions affecting only individual members." (Am. Compl. at ¶¶25-26).

## C. Prayer for Relief

Plaintiffs seek injunctive relief, requesting the Court to issue a permanent injunction prohibiting Home Depot from engaging in the discriminatory practices alleged in the Complaint. Plaintiffs also demand a trial by jury and seek monetary damages, including compensatory damages, punitive damages, attorney's fees, and costs of suit.

## II. DISCUSSION

## A. Standard of Review

When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs, just as on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Smikle v. Coca-Cola Enterprises, Inc., Civ. 03-1431 (RBK), Slip Op. 7, (D.N.J. May 17, 2004). A defendant may move to strike class action allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. Clark v. McDonald's Corp., 213 F.R.D. 198, *205 (D.N.J.2003); see also Miller v. Motorola, Inc., 76 F.R.D. 516 (N.D.Ill.1977) (granting motion to strike class action allegations on the basis of the complaint); Illinois v. Climatemp, Inc., 1981 WL 2033, at *2, *5 (N.D.Ill.1981) (rejecting plaintiff's argument that it would be procedurally improper to entertain defendant's motion to strike class action allegations in advance of a motion by plaintiff to certify class); but see Taylor v. Dist. of Columbia Water & Sewer Auth., 205 F.R.D. 43 (D.D.C. 2002)

("class certification depends upon further factual development of [plaintiff]'s claims, but cannot be decided as a matter of law prior to discovery and the filing of a motion for class certification"); Hoffman v. Honda of Am. Mfg., Inc., 191 F.R.D. 530 (S.D.Oh. 1999) (holding that plaintiffs' request for compensatory and punitive damages does not preclude class certification as a matter of law).

**B. Home Depot's Motion**

The instant matter does not come before the Court on a motion by Plaintiffs to certify the class, but instead on a motion to strike the class action allegations based on the face of the Complaint. Home Depot contends the Court should strike the class action allegations because it is apparent from the face of the Complaint that Plaintiffs cannot maintain a class action under Rule 23(b)(1), 23(b)(2), or 23(b)(3) where they seek compensatory and punitive damages and demand a trial by jury on behalf of each class member.

However, "the shape and form of a class action evolves only through the process of discovery." Abdallah v. The Coca-Cola Company, 1999 WL 527835, *1 (N.D.Ga.1999). After conducting discovery, Plaintiffs in fact may be unable to satisfy the strict requirements of Rule 23. Yet at this juncture, and in consideration of the allegations of the Complaint in the light most favorable to Plaintiffs, the Court can envision a situation in which a hybrid class action might be maintained under Rule 23(c)(4). It does not appear beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Dismissal of the class action allegations would be premature at this stage of the litigation and is not appropriate.

## **CONCLUSION**

For the reasons stated, it is the finding of this Court that Home Depot's motion to strike the class action allegations of the Amended Complaint is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       June 20, 2005
Original:   Clerk's Office
Copies:     All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File