NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE W. ANDREWS, JULIUS BASSIE, SOLOMAN FORKAY, ROGER MONTOYA, RENEE SANTOS, JORGE SANTOS, EDGAR V. CRUZ, MANUEL DE LA CAMARA, JOSE PICALDO, and EDENS ANDRE, individually and on behalf of themselves and all others similarly situated, Plaintiffs, v. THE HOME DEPOT, INC.; JOHN DOES 1-10; and ABC CORPORATIONS 1-10, Defendants. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 03-CV-5200 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on Appeal of the May 29, 2008 Amended Order entered by United States Magistrate Judge Mark Falk, whereby Judge Falk denied Plaintiffs George W. Andrews, Julius Bassie, Solomon Forkay, Roger Montoya, Renee Santos, Jorge Santos, Edgar V. Cruz, Manuel de la Camara, Jose Picado and Edens Andre ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated's motion to compel Defendant Home Depot, Inc. ("Defendant") to inquire into the birthplace of each employee at Defendant's Distribution Centers beyond the information contained on the employees' I-9 forms in order to help identify the class, to disregard the verification of Defendant's corporate representative Robert Silk ("Silk") certifying

the responses to Plaintiffs' interrogatories and to compel the deposition of a person or persons, based on a new verification, or, in the alternative, to depose Defendant's trial counsel, and to award sanctions to Plaintiffs. For the reasons set forth below, Judge Falk's decision to deny Plaintiffs' motion is **affirmed**.

## I.   BACKGROUND[1]

Plaintiffs are ten foreign born individuals that are currently or have previously been employed by Defendant in one or more of Defendant's Distribution Centers in New Jersey. Plaintiffs allege that Defendant has intentionally discriminated against them during their employment based on their foreign birth in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., and 42 U.S.C. § 1981. Plaintiffs filed an Amended Complaint in this Court on November 6, 2003. Plaintiffs seek to certify a class of foreign born laborers and foreign-born, non-supervisory workers who are, have been, or will be employed at any time in distribution centers within the State of New Jersey operated by Defendant. Plaintiffs' lawsuit has been ongoing for approximately five years. Aside from the motions at issue here, a number of discovery issues have arisen and have been addressed throughout the progression of the suit. Following their initial moving papers, Plaintiffs filed a Declaration of Jacqueline Bittner, Esq. supporting Plaintiffs' Appeal of the Magistrate Judge's denial of discovery, dated July 3, 2008 and Plaintiffs' reply brief in support of their appeal from the Amended Order of the Magistrate Judge, dated May 29, 2008. Defendant requested that this Court strike these reply submissions pursuant to Local Civil Rule 72.1(a) which does not allow for reply submissions on appeals from non-dispositive orders of a Magistrate Judge unless the responding party files a cross-appeal. Defendant here has not filed a

---

[1] The facts set forth in this Opinion are taken from the Parties' statements in their respective moving papers.

cross-appeal and therefore this Court agrees that Plaintiffs' reply submissions must be stricken.

## II.   STANDARD OF REVIEW

"Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." L.CIV. R. 72.1(c)(1)(A). "A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. CIV. R. 72(c)(1)(A). The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal. See Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Cardona v. Gen. Motors Corp., 942 F. Supp. 968 (D.N.J. 1996). The standard is usually noted and applied without discussion or explanation. See, e.g., Kohlmayer v. Nat'l R.R. Passenger Corp., 124 F. Supp. 2d 877, 878 n.1 (D.N.J. 2000). Occasionally, however, courts have gone beyond merely stating the standard and fleshed-out the meaning of the standard. For example, in South Seas Catamaran, Inc. v. Motor Vessel Leeway, the court considered a Magistrate Judge's order fixing the location of a deposition. See 120 F.R.D. 17 (D.N.J. 1988). In upholding the order, the court stated that a Magistrate Judge's finding would be "clearly erroneous when, although there is evidence to support it, the reviewing Court... is left with a definite and firm conviction that a mistake has been committed." Id. at 21.

## III.   DISCUSSION

Judge Falk denied Plaintiffs' motion to compel Defendant to inquire into the birthplace of its employees who are also potential class members beyond the information contained on the employees' I-9 forms for many reasons. First, Judge Falk highlighted that Defendant had provided any information it had on the subject of the employees' birthplaces through the I-9 forms turned over in discovery. See Transcript of Recorded Opinion, Andrews v. Home Depot U.S.A., Inc., 6:

17-21. Plaintiffs have waited three to four years to make a motion to compel more specific information on the subject. Id. at 9:6-12. This delay is untimely and not within the reasonableness requirement courts have imposed on Rule 37 motions to compel discovery. Id. at 9:13-18 (citing Price v. Maryland Cas. Company, 561 F.2d 609, 611-612 (5th Cir. 1977); Lapenna v. Upjohn Company, 110 F.R.D. 15, 18 (E.D. Pa. 1986)). Judge Falk analyzed that a delay such as the one that occurred here can result in a party's waiver of the right to avail itself of the rule and found such a waiver here. Id. Judge Falk also determined that Defendant had provided sufficient information in response to Plaintiffs' interrogatory request for the birthplaces of its current or former employees that are potential members of the class. Id. at 8:1-9. Defendant has provided more than 700 I-9 forms and a 138-page document entitled Schedule A containing employee data with an asterisk in front of 134 employees who are believed to have been foreign-born based on the information provided on their I-9 forms. Id. at 6:23-25, 7:1-5. Judge Falk pointed out that a party responding to interrogatories is only required by FED. R. CIV. P. 33(b)(1) to provide information available to the party. Id. at 10:3-5. The answering party is not required to take on extra extensive research to provide answers, especially when the information could be obtained by the questioning party just as easily as it could be obtained by the answering party. Id. at 10:17-24 (quoting 8A Charles A. Wright, et al., Federal Practice and Procedure § 2174). The answering party is not required to do the other side's work. Id. Judge Falk reasoned that forcing Defendant to inquire further into each relevant employees' birthplace would be an unprecedented invasion of its employees' privacy and could subject Defendant to more problems in the current lawsuit or additional lawsuits down the line. Id. at 11:7-18.

       Plaintiffs next contended that Defendant's corporate representative Silk was "incompetent"

to verify Defendant's answers to its interrogatories. Id. at 13:5-11. First, Plaintiffs alleged that Silk was not under oath at the time he verified the interrogatory responses. Id. at 13:15-16. Judge Falk set forth, however, that although there is a dispute on the issue, Silk has submitted an affidavit indicating that he believed he was under oath at the time of the verification and that he felt under penalty of perjury. Id. at 13:17-18. Therefore, this argument is moot. Plaintiffs then contended that Silk was a sham declarant to the interrogatories because he did not have personal knowledge of all the responses he was verifying. Id. at 14:13-14. Judge Falk ruled that this argument was without merit because under FED. R. CIV. P. 33(b)(1)(b), interrogatories directed at a corporation must be answered by an officer or agent of the corporation, but that the person need not have personal information on all the responses. Id. at 14:16-22 (citing United States v. Bee Royale Capsules, 264 F.2d 666, 670 (3d Cir. 1959). The party administering the interrogatories is entitled to ask for a person with personal knowledge of the responses, however, Judge Falk highlighted that Plaintiffs never asked for individuals with personal knowledge and even knew that Silk may not have personal knowledge on all responses. Id. at 15:9-16. Plaintiffs' objection to Silk's verification came years later, and is, therefore, untimely. Id. at 15:16-20. In addressing Plaintiffs' request to depose Defendant's trial counsel, Judge Falk ruled that while these sort of depositions are sometimes granted in extraordinary situations, same is not appropriate here. Id. at 15:22-25, 16:1. Judge Falk rested his decision on the fact that such a deposition would be filled with claims of attorney-client privilege, and also on the fact that Plaintiffs never requested that someone with personal knowledge provide responses to the interrogatories and Plaintiffs also indicated in their papers that the information sought from Defendant's trial counsel was obtainable from other identified witnesses. Id. at 16:4-20.

Finally, Judge Falk denied Plaintiffs' request for sanctions because Plaintiffs' motion was denied almost in its entirety and the sanctions requested were mainly discretionary. Id. at 19:20-24.

The Court has reviewed this matter and agrees with Judge Falk's reasoning as set forth in the transcript of his May 29, 2008 Amended Order. Beyond stating the standard of review by this Court and attempting to produce more evidence and change the arguments from those brought before Judge Falk, which are not permitted, Plaintiffs have failed to carry their burden of showing that the Magistrate Judge's decision was clearly erroneous or contrary to law. Furthermore, in reviewing Judge Falk's decision, this Court finds that it was neither clearly erroneous nor contrary to law. Accordingly, this Court adopts Judge Falk's decision in its entirety.

## IV.   CONCLUSION

For the reasons stated above, it is the finding of this Court that Judge Falk's decision to deny Plaintiffs' motion to compel Defendant to inquire into the birthplace of each employee at Defendant's Distribution Centers beyond the information contained on the employees' I-9 forms in order to help identify the class, to disregard the verification of Defendant's corporate representative Robert Silk certifying the responses to Plaintiffs' interrogatories and to compel the deposition of a person or persons, based on a new verification, or in the alternative, to depose Defendant's trial counsel, and to award sanctions to Plaintiffs is hereby **affirmed**.

       S/ Dennis M. Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J

Date:        August  11 , 2008
Orig.:       Clerk
cc:          Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File