# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NEW JERSEY 07102-5003
973.642.1900
FAX: 973.642.0099
EBGLAW.COM

PATRICK G. BRADY
TEL: 973.639.8261
FAX: 973.639.8556
PBRADY@EBGLAW.COM

May 19, 2010

**VIA ECF**

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
U.S. Post Office & Courthouse Bldg.
Federal Square, P.O. Box 999
Newark, New Jersey 07101-0999

    Re:  Andrews v. Home Depot U.S.A., Inc.
           Civil Action No. 03-cv-5200 (DMC)

          **Plaintiffs' Reply Brief Supporting Motion to Remand**
          **Return Date: June 7, 2010**

Dear Judge Cavanaugh:

    Plaintiffs in the above-referenced action filed a motion to remand this case on the basis that this Court lacks jurisdiction because there is no federal question and the jurisdictional amount has not been satisfied to support removal based on diversity of citizenship.

    On behalf of defendant Home Depot U.S.A., Inc. ("Home Depot"), we submit this letter requesting an opportunity to submit a very brief sur-reply, on or before May 28, 2010. We note that on May 12, 2010, plaintiffs' counsel Arthur Miller advised the undersigned that plaintiffs may be asserting a waiver of damages argument in their reply to support their motion to remand. Mr. Miller consented to Home Depot submitting a sur-reply brief on this issue.

ATLANTA • BOSTON • CHICAGO • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC
EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY.

FIRM:6180191v1

Honorable Dennis M. Cavanaugh, U.S.D.J.
May 19, 2010
Page 2

The proposed sur-reply will be limited to addressing the contention, raised for the first time in plaintiffs' reply brief, that: "Inasmuch as individual provable damages appear to be well under $75,000, each of the five remaining named plaintiffs has authorized counsel to waive any respective statutory damages in excess of $75,000." Plaintiffs' waiver of statutory damages above $75,000 was not raised in their moving papers, though they had an opportunity to do so as this very issue had been discussed by Magistrate Falk during a February 2, 2010 case management conference. Respectfully, based on the type of damages plaintiffs have each asserted in their Complaint at the time of removal, the case law does not countenance such a waiver in order to avoid federal court jurisdiction.

Accordingly, Home Depot requests an opportunity to submit a sur-reply brief on or before May 28, 2010 to address plaintiffs' new position to support remand because Home Depot purportedly has not satisfied the jurisdictional amount in support of diversity jurisdiction.

\* The Court will consider Defendant's Sur-reply

Respectfully submitted,

Patrick G. Brady

PGB/CHR:aml
cc:   Honorable Mark Falk, U.S.M.J. [By Fax]
      Fredric J. Gross, Esq. [By ECF]
      Arthur H. Miller, Esq. [By ECF]
      R. Lawrence Ashe, Jr., Esq. [By ECF]

6/3/10

SO ORDERED: _____
DENNIS M. CAVANAUGH, U.S.D.J.

FIRM:6180191v1