NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE W. ANDREWS, JULIUS BASSIE, SOLOMON FORKAY, ROGER MONTOYA, RENEE SANTOS, JORGE SANTOS, EDGAR V. CRUZ, MANUEL DE LA CAMARA, JOSE PICADO and EDENS ANDRE, individually and on behalf of themselves and others similarly, Plaintiffs, v. HOME DEPOT U.S.A., INC., Defendant. | Hon. Dennis M. Cavanaugh **OPINION** Civ. No. 03-5200 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs' Motion to Remand this Proceeding to the Superior Court of New Jersey. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below Plaintiffs' motion is **denied**.

### I. BACKGROUND[1]

Plaintiffs George Andrews, Edens Andre, Solomon Forkay, Roger Montoya and Jorge Santos ("Plaintiffs") are five of ten original named plaintiffs and alleged class representatives that commenced a putative class action against Defendant Home Depot ("Defendant") on October 3, 2003, in the Superior Court of New Jersey. Def.'s Opp'n Br. 1. The Complaint alleges that

---

[1] The facts in the Background section have been taken from the parties' submissions.

Defendant discriminated against the named plaintiffs -- then current and former Home Depot employees -- because of their foreign birth in violation of "state or federal law," including the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 to 10:5-49. Compl. ¶¶ 6-7. Specifically, Plaintiffs allege that they were: (1) paid less than American-born employees; (2) denied promotional opportunities; (3) subjected to more rigorous working conditions; and (4) denied training provided to American-born employees. Compl. ¶¶ 31-34. The Complaint states that "it is estimated that there are not less than 500 [class] members." Compl. ¶ 4. Though the Complaint is silent as to the specific amount of damages sought, Plaintiffs request compensatory and punitive damages, as well as attorney's fees and costs.

On October 31, 2003, Defendant timely removed this matter to the United States District Court for the District of New Jersey on the basis of federal question and diversity jurisdiction. The Notice of Removal states that "[t]he matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interests and costs" and that "Plaintiffs claim damages in the amount of Twenty-Five Million Dollars ($25,000,000.00), plus attorney's fees, costs and punitive damages in an amount to be determined by the Court." Notice of Removal ¶ 7. Defendant attached a copy of Plaintiffs' statement of damages, which was filed with the Superior Court on October 16, 2003 pursuant to New Jersey Court Rule 4:5-2, to the Notice of Removal. Id. Following removal, Plaintiffs filed an Amended Complaint on November 6, 2003 in which they allege a federal claim under 42 U.S.C. § 1981. Am. Compl. ¶ 4. The Amended Complaint states that "the class is believed to consist of hundreds of individuals." Am. Compl. ¶ 22.

This Court granted Defendant's motion to dismiss Plaintiffs' Section 1981 claim on January 26, 2010. In its Opinion, the Court "decline[d] to exercise jurisdiction over Plaintiffs' state law

claim" and closed the case. Because this action was removed on the basis of both federal question and diversity jurisdiction, the Court issued a corrected Order reopening the case on February 3, 2010, "notwithstanding any references to supplemental jurisdiction." Over six years after the action was removed, Plaintiffs now seek to have the matter remanded back to the Superior Court of New Jersey, claiming that removal was improper because the amount in controversy for diversity jurisdiction was not satisfied.

## II. STANDARD OF REVIEW

A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.[2] "Determining the amount in controversy begins with a reading of the complaint filed in the state court." Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). The Court may also look to defendant's notice of removal. Id. "The court must measure the amount 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938).

The Third Circuit has adopted the Red Cab "legal certainty test" for cases where the factual

---

[2] "Where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 authorize[s] supplemental jurisdiction over the claims of other plaintiffs . . . even if those claims are for less than the jurisdictional amount . . . require[d] for diversity jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).

record is not in dispute. See id. at 289-90. Therefore, when a motion to remand is pending, "a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." Frederico, 507 F.3d at 195 (citation and internal quotation marks omitted). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Id. at 193.

### III.  DISCUSSION

Plaintiffs argue that the Court lacks subject matter jurisdiction over this action because the amount in controversy requirement for diversity jurisdiction has not been satisfied. Defendants counter that a review of the Complaint, Notice of Removal and Statement of Damages establishes that it cannot be shown to a legal certainty that Plaintiffs cannot recover the jurisdictional amount in controversy. After reviewing the parties' pleadings and submissions, this Court agrees that the legal certainty test has not been satisfied.[3]

Though neither the Complaint nor the Amended Complaint specify an exact sum sought for damages, Plaintiffs' Statement of Damages, filed shortly after the Complaint and incorporated into the Notice of Removal states that "[t]he damages claimed by Plaintiffs on behalf of the class . . . is $25,000,000" exclusive of attorney's fees, punitive damages, and costs. Therefore, based on parties' initial filings, the baseline for determining the amount in controversy is $25,000,000. When this amount is divided amongst the 500 purported class members, the baseline average for damages

---

[3] Defendant's argument for jurisdiction is based on allegations initially made by Plaintiffs. Because the facts are not expressly in dispute between the parties, the Court will apply the Red Cab legal certainty test to the facts alleged in the Complaint and Notice of Removal. See Frederico, 507 F.3d at 298.

becomes $50,000 per plaintiff, which is a reasonable recovery under the NJLAD for the kinds of injuries claimed by Plaintiffs. See, e.g., Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 556-57 (D.N.J. 2009) (holding that plaintiff's NJLAD claims of hostile work environment and denial of assignments and employment opportunities could satisfy amount in controversy requirement).

Plaintiffs also seek punitive damages and attorney's fees, both of which may be aggregated with the compensatory damages when determining the amount in controversy. Frederico, 507 F.3d at 199 (considering punitive damages and attorney's fees when calculating amount in controversy). The NJLAD allows a plaintiff to collect punitive damages for workplace discrimination, Baker v. Nat'l State Bank, 161 N.J. 220, 231 (1999), and under New Jersey state law, punitive damages of up to five times the amount of compensatory damages are permitted. N.J.S.A. § 2A:15-5.14(b). Therefore, assuming even a modest award of punitive damages, Plaintiffs would be likely to surpass the jurisdictional threshold. See, e.g., Frederico, 507 F.3d at 198-99 (calculating punitive damages as five times compensatory damages for the purposes of amount in controversy analysis); Raspa v. Home Depot, 533 F.Supp. 2d 514, 522 (D.N.J. 2007) (noting that "a request for punitive damages will generally satisfy the amount in controversy requirement" (citation and internal quotation marks omitted)). Finally, the Court must account for attorney's fees, which "could be as much as thirty percent of the judgment." Frederico, 507 F.3d at 199 (applying attorney's fees of thirty percent to amount in controversy calculation). Assuming that Plaintiffs received only $10,000 in punitive damages, which is well below the statutory ceiling, attorney's fees of thirty percent would place Plaintiffs above the $75,000 amount in controversy requirement. Thus, it does not appear to a legal certainty that Plaintiffs cannot recover the jurisdictional amount.

In their Reply Brief, Plaintiffs state for the first time that "[i]nasmuch as individual provable

damages appear to be well under $75,000, each of the five remaining named plaintiffs has authorized counsel to waive any respective statutory damages in excess of $75,000, exclusive of costs." Pls.'s Reply Br. 2. Despite this representation, Plaintiffs have never filed any such stipulations or waivers with the Court. Regardless, because "a plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of 'no legal significance,'" any stipulations regarding damages would not affect this Court's determination that the legal certainty test has not been satisfied. Werwinski, 286 F.3d at 667 (citing Angus, 989 F.2d at 145).

### IV. CONCLUSION

For the reasons stated, Plaintiffs' motion is **denied**.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   December  29 , 2010
Orig.:  Clerk
cc:     All Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.
        File

-6-