UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

January 3, 2012

**LETTER ORDER**

*Via ECF*
Fredric J. Gross, Esq.
Fredric J. Gross Law Firm
Seven East Kings Highway
Mount Emphraim, NJ 08059
*Attorney for Plaintiffs,*
*George Andrews*, *Roger Montoya*,
*Solomon Forkay, Jorge Santos, and*
*Edens Andre*

Patrick G. Brady, Esq.
Epstein Becker & Green
One Gateway Center
Newark, NJ 07102
*Attorney for Defendant,*
*Home Depot, U.S.A., Inc.*

    Re:    **Andrews, *et al.* v. Home Depot, U.S.A., Inc.**
            **Civil Action No. 03-5200 (DMC)**

Dear Counsel:

    After summary judgment motions were filed by Defendant pursuant to Court Order, the parties began making additional requests to the Undersigned. Since the Court views these applications as attempts to delay and/or interfere with the summary judgment motions and because the parties have made their arguments clear in the submissions already received to date, the applications will be decided summarily and prior to plenary briefing.

    Before the Court are the following applications: (1) Plaintiffs' December 23, 2011, formal motion to "suppress [Defendant's] defenses" [CM/ECF No. 192]; (2) Defendant's

December 27, 2011, informal cross-request to strike, as procedurally improper, the expert report of Plaintiffs' putative expert, Professor Arthur Cohen [CM/ECF No. 193]; and (3) Plaintiffs' December 19, 2011, informal objection to Defendant's designation of Plaintiffs' expert report as "confidential" [CM/ECF No. 191].  For the reasons set forth below, Plaintiffs' motion to suppress defenses is **DENIED**.  Defendant's request to exclude Professor Cohen's expert report from being considered in connection with the summary judgment motions is **GRANTED**.  Plaintiffs' request to de-designate the expert report is **DENIED WITHOUT PREJUDICE**.

      This case is nearly nine years old.  Discovery closed in 2008.  [See Order dated November 11, 2008 [CM/ECF No. 100]; see also Transcript of Case Management Conference (5/19/09) at 16:8-25 [CM/ECF 181].]  Plaintiffs' motion to "suppress defenses" is based on Defendant's alleged failure to provide certain information in discovery.  This motion is *grossly* out of time and in flagrant violation of Local Rule 37.1 governing resolution of discovery disputes.  A motion to compel discovery must be filed within a reasonable period of time after the alleged discovery violation has occurred, and an unreasonable delay in moving to compel additional discovery results in waiver of a party's right to avail themselves of the discovery rules.  See, e.g., Reuber v. United States, 787 F.2d 599, 601 (D.C. Cir. 1986); Price v. Maryland Cas. Co., 561 F.2d 609, 611-12 (5th Cir. 1977); Lapenna v. Upjohn Co., 110 F.R.D. 15, 18 (E.D. Pa. 1986).  Here, discovery has been closed for three years.  Plaintiffs have waited more than three years to raise issues related to Defendant's discovery responses and conduct.  That is patently unreasonable.  Plaintiffs have waived any objections to supposedly insufficient fact discovery.[1]

      Second, Plaintiffs' expert report will be temporarily put aside.  This Court has repeatedly held that Defendant's motions for summary judgment will precede expert discovery.  See, e.g., Orders dated November 11, 2008 [CM/ECF No. 100]; May 18, 2009 (oral ruling; transcript available at CM/ECF No. 181]; and August 31, 2011 [CM/ECF No. 161].  Moreover, on December 16, 2011, District Judge Cavanaugh issued a Letter Order stating, in part, that "this Court intends to proceed pursuant to the to the Order issued by Magistrate Judge Falk on August 31, 2011."  [Letter from District Judge Cavanaugh, dated December 16, 2011; CM/ECF No. 189.]  Again, the August 31, 2011 Order specifically states that "Defendant's motions for summary judgment shall precede expert discovery and Plaintiffs' motion for class certification."  [Order dated August 31,

---

[1] This is not the first time in this case that Plaintiffs' failure to timely pursue discovery has resulted in a waiver of objections to discovery-related issues.  See Andrews v. Home Depot, 03-5200, 2008 WL 3821792, at *2 (D.N.J. Aug. 12, 2008) (Judge Cavanaugh affirming the Undersigned's finding of Plaintiffs' discovery-related waiver).

2

2011.] Therefore, Plaintiffs' attempt to serve an expert report prior to resolution of the summary judgment motions is procedurally improper; it violates not only the Undersigned's August 31, 2011 Order, but also District Judge Cavanaugh's December 16th Letter Order. There are also numerous additional problems with the purported report. The report should be excluded from the summary judgment record. It may be re-served if the case proceeds beyond summary judgment.

The apparent issue over the confidentiality of the expert report is premature, given that the report will not be submitted to the Court as part of the summary judgment motions. The report will be maintained as "confidential," as it has been designated by Defendant, and the issue may be re-visited in the event expert discovery commences.

Finally, it should be noted that the scheduling of summary judgment motions and the order in which this protracted case will proceed has been the subject of numerous hearings, correspondence, motions, informal appeals, and conferences extending over years. The Court need not list the numerous docket entries reflecting this, however they may be found on the docket. As stated at the outset, the Court believes these untimely applications are improper and such tactics will not be tolerated in the future.

**SO ORDERED.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

cc:   Hon. Dennis M. Cavanaugh, U.S.D.J.